IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SANTO FANDO WADLINGTON | : | NO. 12-457-2 |

MEMORANDUM

Bartle, J.                                                         January 24, 2022

      Before the court is the pro se motion of Santo Fando Wadlington for early termination of his supervised release.

      Defendant pleaded guilty to attempted robbery which interferes with interstate commerce (18 U.S.C. § 1951(a)), and to using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)).  In August 2014, the court sentenced him to 232 months in prison to be followed by 5 years of supervised release.  Defendant was a career offender under § 4B1.1 of the Advisory Sentencing Guidelines.  On July 16, 2018 pursuant to a motion of the Government under Rule 35(b) of the Federal Rules of Criminal Procedure, the court reduced his sentence to time served, again with 5 years of supervised release to follow. While he was released from federal custody the next day, he did not begin his supervised release until December 2018 because he was in state custody in the interim.

      At the time he pleaded guilty, he signed a plea agreement which the court reviewed with him in detail at the

guilty plea hearing.  He acknowledged he read it, understood it, and discussed it with counsel before he signed it.  The plea agreement in paragraph 11 provides, with exceptions not relevant here, that "defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law."  The court specifically confirmed with defendant his knowledge and understanding of this waiver.

      The term of his sentence includes the period of time defendant is to serve on supervised release.  <u>United States v. Damon</u>, 933 F.3d 269, 273 (3d. Cir. 2019).  Thus any motion for early termination of his supervised release is a challenge to his sentence.  Such a challenge is precluded if the appellate and collateral attack waiver was knowing and voluntary, if no exception in the plea agreement applies, and if there is no unusual circumstance that enforcing the waiver would be a miscarriage of justice.  <u>United States v. Goodson</u>, 544 F.3d 529, 538-39 (3d Cir. 2008); <u>see also</u> <u>United States v. Khattak</u>, 273 F.3d 557, 563 (3d Cir. 2001).  Defendant does not argue any of these circumstances to extricate himself from the waiver.  It is

clear that defendant has waived his right to seek early termination of his supervised release.

Even if defendant had not waived his right to seek early termination of his supervised release, he would have the burden of establishing that early termination is warranted.

18 U.S.C. § 3583(e)(1) provides:

> (e)  Modification of conditions or revocation. - The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) -
>
> (1)  terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in 18 U.S.C. § 3553(a) which the court must consider are:

> (1)  the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities

>     among defendants with similar records who
>     have been found guilty of similar conduct;
>     and (6) the need to provide restitution to
>     any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A):  "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See § 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release.  Melvin, 978 F.3d at 53.  While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and

(a)(7), it need not make specific findings as to each.  Id. at 52-53.

Defendant argues that he has "successfully fulfilled every requirement of supervised release without incident" during the three years he has served so far.  He maintains that he "continues to keep a positive mindset," has "stay[ed] clear of trouble" and "continues to live with and support his wife and family."  He states that he has been employed throughout his period of supervised release and that he and his wife have "their own real estate investment company."  He asserts he has been a role model for young teens and adults.  Finally, he recites that he is in full compliance with his monthly restitution payments.

The court, without hesitation, commends defendant for the positive changes he has made to his life.  Would that all defendants would have such a course correction.  Nonetheless, defendant has done precisely what is expected of everyone on supervised release.  After considering all the factors required under § 3583(e)(1) and particularly his extensive criminal record and violent past, it is in the interest of justice that he complete his five year term of supervised release to insure that he will be fully integrated into the community.

Accordingly, his motion for early termination of his supervised release will be denied.